UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SAMUEL W. ANTHONY,

                Plaintiff,

v.

UNKNOWN HERSHMAN et al.,

                Defendants.
_____/

Case No. 2:25-cv-209

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.  In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2). The Court may conduct this initial review prior to the service of the complaint. *See* 28 U.S.C. §§ 1915(e)(2) (stating that "the court shall dismiss the case at any time if the court determines that" the action "is frivolous malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, pursuant to 28 U.S.C. §§ 1915(e)(2), courts may review and even resolve a plaintiff's claims before service, which creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *Cf. Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that Defendants are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under pursuant to 28 U.S.C. §§ 1915(e)(2), in the same way Defendants are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they

2

had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Pursuant to pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss an action in which the plaintiff is proceeding *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following URF staff in their official and personal capacities: Corrections Officer **Unknown Hershman**, Sergeant **Unknown Sawyers**, and Lieutenant **Unknown Montie**. (Compl., ECF No. 1, PageID.2.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that, on July 12, 2025, Defendant Hershman performed a search of Plaintiff's cell. (*Id.*, PageID.3.) During the search, Defendant Hershman removed a protective cover from the JP6 tablet in Plaintiff's possession and issued Plaintiff a misconduct report stating that the tablet had been altered. (*Id.*) Defendant Hershman took the tablet but left the headphones and charger. (*Id.*) Plaintiff alleges that the tablet was brand new and that the contraband removal form did not indicate how the tablet had been altered. (*Id.*) That same day, Plaintiff wrote a grievance against Defendant Hershman. (*Id.*) Plaintiff's grievance was rejected by Defendant Sawyers. (ECF No. 1-1, PageID.8–9.)

On July 30, 2025, Defendant Hershman issued Plaintiff a class II misconduct report for destruction or misuse of property. (*Id.*; ECF No. 1-2, PageID.12.) Plaintiff alleges that the misconduct charge violated MDOC policy. (Compl., ECF No. 1, PageID.4.)

Defendant Montie conducted the hearing on Plaintiff's class II misconduct charge. (ECF No. 1-2, PageID.12.) During the hearing, Plaintiff pleaded not guilty and claimed that the misconduct report was written in retaliation for Plaintiff's July 12, 2025, grievance. (*Id.*; Compl., ECF No. 1, PageID.4.) However, Defendant Montie rejected Plaintiff's argument and found Plaintiff guilty of the charged misconduct. (Compl., ECF No. 1, PageID.5; ECF No. 1-3, PageID.14.) Plaintiff received five days of toplock and fifteen days' loss of privileges. (Compl., ECF No. 1, PageID.4.)

As relief for the events described in the complaint, Plaintiff seeks compensatory and punitive damages. (*Id.*)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

Plaintiff brings claims against Defendants in their official as well as personal capacities. A suit against an individual in his or her official capacity is equivalent to a suit against the

governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Here, Plaintiff seeks monetary damages only. However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. Similarly, Plaintiff may not seek monetary damages against Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). Therefore, the Court will dismiss Plaintiff's official capacity claims for failure to state a claim.

**B.      First Amendment Retaliation Claim**

Plaintiff alleges that Defendant Hershman issued Plaintiff a false misconduct charge for destruction or misuse of property in retaliation for Plaintiff having filed the July 12, 2025, grievance. (Compl., ECF No. 1, PageID.3.)[2] Retaliation based upon a prisoner's exercise of his or

---

[2] Plaintiff also claims that the misconduct report was in violation of MDOC policy. (Compl., ECF No. 1, PageID.3.) However, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law or MDOC

her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well established that an inmate has a right to submit "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). Therefore, taking Plaintiff's allegations as true, the Court finds that Plaintiff has adequately alleged that he engaged in protected conduct. However, Plaintiff fails to satisfy the element of causation.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). However, "because prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks

---

policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

omitted). Therefore, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x. 579, 579–80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Here, Plaintiff's fails to offer any facts that would plausibly suggest that Defendant Hershman was motivated by retaliatory animus in issuing Plaintiff a misconduct charge for destruction or misuse of property related to the JP6 tablet, particularly where Plaintiff alleges that Defendant Hershman confiscated the tablet and issued Plaintiff a contraband removal record on July 12, 2025. (ECF No. 1-2, PageID.13.) Plaintiff offers the Court nothing more than a conclusory allegation of retaliation. But conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

It appears that Plaintiff may be attempting to rely upon temporal proximity to create an inference of retaliation, alleging Defendant Hershman's misconduct report followed Plaintiff's July 12, 2025, grievance. While temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive'" in some circumstances, *Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)), "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner*, 89 F. App'x at 580. And, in this case, besides the mere suggestion of temporal proximity, Plaintiff alleges no other facts to suggest that Defendant

8

Hershman acted with a retaliatory motive. Accordingly, the Court will dismiss Plaintiff's First Amendment retaliation claim for failure to state a claim.

### C.    Fourteenth Amendment Due Process Claims

Plaintiff alleges that Defendant Hershman improperly confiscated the JP6 tablet and issued Plaintiff a false misconduct report, and that Defendant Montie improperly found Plaintiff guilty of the charged misconduct. The Court will construe these allegations as raising claims for violation of Plaintiff's Fourteenth Amendment right to procedural due process.

#### 1.    Removal of JP6 Tablet

To the extent that Plaintiff seeks to bring a claim related to the deprivation of the JP6 tablet, his claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. And Plaintiff has available to him numerous state post-deprivation remedies. The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of

9

property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his property. Accordingly, Plaintiff fails to state a Fourteenth Amendment due process claim regarding Defendant Hershman's confiscation of the JP6 tablet.

### 2.    July 30, 2025, Misconduct Report and Hearing

Plaintiff also fails to state Fourteenth Amendment claims related to Defendant Hershman's actions in issuing Plaintiff an alleged false Class II misconduct charge for destruction or misuse of property, and Defendant Montie's actions related to the hearing at which Plaintiff was ultimately found guilty of the charged offense.

The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient" *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). A prisoner's ability to challenge a prison misconduct conviction therefore depends on whether the conviction implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and

10

significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. at 484, 487.

A prisoner like Plaintiff, who is serving an indeterminate sentence for an offense committed after 2000,[3] can accumulate "disciplinary time" for a major misconduct conviction. *See* Mich. Comp. Laws § 800.34. Disciplinary time is considered by the Michigan Parole Board when it determines whether to grant parole. *Id.* § 800.34(2). It does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid in its [parole] determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011). The Sixth Circuit has concluded that "disciplinary time" never impacts the duration of a sentence in the sense contemplated by *Sandin*. *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009).

Second, Plaintiff has not alleged facts that would plausibly suggest that he suffered a "significant and atypical deprivation." Plaintiff alleges that he received five days of toplock and fifteen days' loss of privileges as a result of the misconduct conviction. (Compl., ECF No. 1, PageID.4.) Pursuant to MDOC Policy Directive 03.03.105, the "loss of privileges" sanction involves the loss of various privileges, such as access to the day room, exercise facilities, group meetings, "[o]ut of cell hobbycraft activities," the kitchen area, the general library (not including the law library), movies, music practice, and other "[l]eisure time activities." MDOC Policy Directive 03.03.105, Attach. E. A prisoner on toplock is confined to his cell or bunk area, cannot leave without authorization from a staff member, and may be denied other privileges, such as use of his personal radio or television. *Id.*

---

[3] Plaintiff is incarcerated for offenses committed in 2019 and 2022. *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=836202 (last visited Sept. 16, 2025).

In assessing the significance of Plaintiff's sanctions, the Court is guided by precedent related to the most significant sanction: segregation. The Supreme Court has held that even placement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in administrative segregation for two months does not require the protections of due process. *See Joseph*, 410 F. App'x at 868 (61 days in segregation is not atypical and significant). It has also held, in specific circumstances, that confinement in segregation for a much longer period does not implicate a liberty interest. *See, e.g.*, *Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998) (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding).

Where stays of months in the most restrictive sanction of segregation are not considered an atypical or significant hardship, *see Joseph*, 410 F. App'x at 868, it defies logic to suggest that the lesser penalties of toplock and loss of privileges for days could be atypical or significant. Sixth Circuit authority bears that out. *See Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (nine-month loss of package privileges did not impose an atypical and significant hardship); *Langford*

*v. Koskela*, No. 16-1435, 2017 WL 6803554, at *3 (6th Cir. Jan. 24, 2017) (holding that thirty days' toplock and thirty days' loss of privileges "does not amount to an 'atypical and significant hardship' ").

Therefore, even taking Plaintiff's allegations as true, Plaintiff cannot state a claim for violation of his Fourteenth Amendment right to procedural due process. The Court will dismiss any such claims.

### D.    Claims Against Defendant Sawyers

Plaintiff does not specify the nature of his claims against Defendant Sawyers. However, the forms attached to Plaintiff's complaint indicate that Defendant Sawyers was responsible for denying Plaintiff's July 12, 2025, grievance against Defendant Hershman. (ECF No. 1-1, PageID.8–9.) Therefore, the Court will construe Plaintiff's complaint to bring First and Fourteenth Amendment claims against Defendant Sawyers premised upon Defendant Sawyers' handling of Plaintiff's grievance.

First, various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt*, 459 U.S. at 467; *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Moreover, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, any interference with the grievance process or inadequate responses to Plaintiff's grievances did not deprive Plaintiff of due process.

13

Second, Plaintiff's right to petition the government was not violated by the denial of or the failure to act upon his grievances. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Likewise, any inaction or action by Defendant Sawyers did not bar Plaintiff from seeking a remedy for his grievances or complaints. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

Ultimately, the Sixth Circuit has made clear: § 1983 liability may not be imposed simply because an official denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, Plaintiff has failed to state a cognizable claim against Defendant Sawyers related to the handling of Plaintiff's grievance.

<u>Conclusion</u>

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this

decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.


Dated:    October 6, 2025                          /s/ *Maarten Vermaat*
                                                    Maarten Vermaat
                                                    United States Magistrate Judge